311 A.2d 566.

In re: Dennis J. DiIorio.

NOVEMBER 16, 1973.

Present: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Kelleher, J. On November 5, 1970, in the city of Providence, the assistant principal of one of the city's high schools found a marijuana cigarette in Dennis DiIorio's locker. At that time, Dennis was 17 years old. Consequently, a petition was filed in the Family Court asking that Dennis be adjudged wayward and delinquent because of his unlawful possession of marijuana. A hearing was held on the petition in March, 1971. Dennis was adjudged a delinquent and placed on probation for one year. Thereafter, he filed a notice of appeal and a request that he be furnished with a free transcript of the Family Court hearing. This request was denied. The denial forms the basis of his appeal. Almost three years later,

we are entertaining his appeal even though Dennis is no longer a juvenile.[1]

From the record before us, it is apparent that Dennis or his counsel are seeking an adjudication as to the extent of a student's right to the privacy of his locker. The estimated cost of the transcript framing this issue amounts to $125. In April, 1971, when the motion for the transcript was filed, Dennis's parents were divorced. He lived with his mother, Mrs. Celia DiIorio, who was under the care of several physicians. She received monthly public assistance in the amount of $268 and averred that her transportation to the physicians, plus the cost of supporting herself and her two children, completely absorbed her monthly allowance.

Dennis testified in support of the motion. He told the judge that he helped his father, who works as a carpenter and painter. When work was available, he received about $10 or "at most" $15 a week for spending money.

Dennis's counsel has posed and argued at length several constitutional questions. We see no need to reach such issues.

The trial justice observed that it was Dennis's burden to show that he had no available funds or ability to earn wages. It is obvious that the trial justice was concerned because Dennis, who was able-bodied and capable of work, made no "substantial" effort to obtain work. On the record before him, the trial judge believed that Dennis would be able to pay the $125 on a weekly basis. He specifically found that the youth was not without funds; that he had an ability to earn money; and that he "is in fact earning money and should pay his own costs."

---

[1] In 1972 the Legislature reduced the age of majority from 21 to 18 years. G. L. 1956 (1969 Reenactment) §15-12-1, as amended by P. L. 1972, ch. 20, §1. Because of the collateral consequences flowing from Dennis's adjudication as a delinquent, we reject any notion of mootness. State v. Turner, 107 R. I. 518, 268 A.2d 732 (1970).

Apparently the trial justice, in going the installment-payment route, relied on the reasoning of the Supreme Court in *Tate* v. *Short,* 401 U. S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), where the Court spoke of the numerous alternatives to which a state may resort in order to avoid imprisoning an indigent because of his inability to pay a fine levied against him. *See also Carver* v. *Howard;* 112 R. I. 918, 310 A.2d 145 (1973).

The rationale of *Tate* serves as a vehicle by which Dennis's request for a transcript can be satisfied and a needless drain on the public till be avoided. The trial justice's resourceful approach suffers only on two slight omissions. They are the amount of the weekly payment and the delivery time of the transcript. These are matters which can be resolved on remand.

The appeal is denied and the cause is remanded to the Family Court for such further proceedings as may be appropriate and consistent with this opinion.

Petition for reargument denied.

*Richard B. Tucker, V. Paul McGinn,* Rhode Island Legal Services, Inc., for appellant.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for State of Rhode Island.